IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. C-C-89-0369-M

| | |
|---|---|
| **JACQUELINE B. PARNELL, Executrix** of the Estate of Michael Lewis Parnell, <br><br> **Plaintiffs,** <br> vs. <br><br> **JEFFREY GLEN DeFOREST and BULLDOG TRUCKING INC.,** <br><br> **Defendants.** | **ORDER** |

THIS CAUSE coming on to be heard and being heard upon the Motion in the Cause and Application for Authorization for Transfer of Structured Settlement Payment filed and served upon all parties by counsel for the proposed purchaser for approval of the sale of certain structured settlement payment rights as described in the Application For Authorization For Transfer of Structured Settlement Payments by Michael L. Parnell, Jr. to 321 Henderson Receivables Origination, LLC, a Nevada Limited Liability Company, pursuant to Article 44B of The North Carolina General Statutes Secs. 1-543.10 et seq. Structured Settlement Protection Act. This proposed sale being subject to the approval of this Court pursuant to said Structured Settlement Protection Act, hereinafter called "The Act".

And it appearing to the Court that the proposed seller and purchaser have consented to the entry of this Order approving the sale of the structured settlement payment rights as set forth in the said Application For Authorization For Transfer of Structured Settlement Payment Rights to the transferee, 321 Henderson Receivables Origination, LLC, a Nevada Limited Liability Company, and that all additional parties entitled to notice of the proposed sale as required by the Act have been served with a copy of the said application and notice of this hearing and that the Court has jurisdiction of the parties and the subject matter. After hearing statements of Counsel, the Court makes the following:

**FINDINGS OF FACT**

1. The Seller, Michael L. Parnell, Jr., is domiciled in the State of North Carolina, and is entitled to the structured settlement payments as set forth in the Purchase Agreement.

2. The proposed transfer complies with the requirements of the Act; and seller has agreed to sell and 321 Henderson Receivables Origination, LLC has agreed to buy (a) 1 payment of $75,000.00 on May 11, 2009 pursuant to an annuity issued and paid by Metropolitan Life Insurance Company and designated as contract number NS67351FFA, for the sum of $52,317.18.

3. Not less than 10 days prior to the date on which the payee first incurred any obligation with respect to the proposed transfer, the transferee provided to the payee a disclosure statement in bold type, no smaller than 14 point setting forth, (a) the amounts and due dates of the structured settlement payments to be transferred; (b) the aggregate amount of such payments; (c) the discounted present value of such payments; (d) the gross amount payable to the payee in exchange for such payments; (e) an itemized listing of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, administrative fees, legal fees, notary fees and other commissions, fees, costs, expenses, and charges payable by the payee or deductible from the gross amount otherwise payable to the payee; and that there are no expenses incurred by the Seller, Michael L. Parnell, Jr.; (f) the net amount payable to the payee after deduction of all commissions, fees, costs, expenses, and charges described in subdivision (e); (g) the quotient expressed as a percentage obtained by dividing the net payment amount by the discounted present value of the payments; (h) the discount rate used by the transferee to determine the net amount payable to the payee for the structured settlement payments to be transferred; and (i) the amount of any penalty and the aggregate amount of any liquidated damages (inclusive of penalties) payable by the payee in the event of any breach of the transfer agreement by the payee;

4. That the transfer is in the best interest of the Payee.

5. That the Payee has received independent professional advice regarding the legal, tax, and financial implications of the transfer.

6. The transferee has given written notice of the transferee's name, address, and taxpayer identification number to the annuity issuer and the structured settlement obligor and has filed a copy of such notice with the court.

7. The discount rate used in determining the net amount payable to the payee does not exceed an annual percentage rate as authorized by the Act.

8. Any brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, administrative fees, notary fees and other commissions, fees, costs, expenses, and charges payable by the payee or deductible from the gross amount otherwise payable to the payee do not exceed two percent (2%) of the net amount payable to the payee.

9. The transfer of the structured settlement payment rights is fair and reasonable.

10. The applicable provisions of the Act appear in all respects to be satisfied.

11. That the Application For Authorization For Transfer Of Structured Settlement Payment Rights was filed with the proper court and served on all interested parties as defined in G.S. 1-543.11(4), and on the Attorney General, thereby giving notice to all interested parties, as defined by the Act, of the proposed transfer and the application for its authorization; and that this notice was given more than 30 days prior to the hearing of this matter as shown by the return receipts attached to the Affidavit of Service filed in this cause.

12. That the Application For Authorization For Transfer of Structured Settlement Payment Rights contains the following: a copy of the transfer agreement titled Purchase Agreement; the disclosure statement required under G.S. 1-543.12(a)(2); and notification that any interested party is entitled to support, oppose, or otherwise respond to the transferee's application, either in person or by counsel, by submitting written comments to the court or responsible administrative authority or by participating in the hearing.

And from the foregoing findings of fact the Court makes the following:

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter.

2. Notice of the proposed transfer has been given all parties entitled to such under Act.

3. The proposed transfer as set forth in the Application for Transfer Of Structured Settlement Payment Rights complies in every respect with the Act under the laws of the State of North Carolina and is in the best interest of the payee who has received independent professional advice regarding the legal, tax and financial implications of the transfer.

4. That the consideration for the transfer of (a) 1 payment of $75,000.00 on May 11, 2009 pursuant to an annuity issued and paid by the Metropolitan Life Insurance Company, and designated as contract number NS67351FFA as set forth in the Application for Authorization for Transfer of Structured Settlement Payment Rights of the annuity is fair and reasonable in exchange for such payments as prescribed therein.

5. That the transfer of the annuity by the payee to 321 Henderson Receivables Origination, LLC, a Nevada Limited Liability Company, in consideration of the payments to the payee of the amounts set forth in the preceding paragraph, should be authorized and the structured settlement obligors be ordered to execute an acknowledgment of assignment letter on behalf of the transferee for the amount of the structured settlement rights to be transferred.

6. The transfer does not contravene any Federal or State statute or the order of any court or responsible administrative authority.

7. Notwithstanding anything in the Purchase Agreement, nothing in this Order shall be construed as an obligation on the Annuity Issuer or Structured Settlement Obligor to divide any periodic payment between the Payee and Transferee or between the two or more transferees or assignees.

8. The Transferee shall be liable to the Structured Settlement Obligor and to the Annuity Issuer:

    (a) If the transfer contravenes the terms of the structured settlement, for any taxes incurred by the Structured Settlement Obligor or the Annuity Issuer as a consequence of the transfer; and

    (b) For any liabilities or costs, including reasonable costs and attorneys' fees, arising from compliance by such parties with this order of the Court or arising as a consequence of the Transferee's failure to comply with the Act.

9. The Structured Settlement Obligor and Annuity Issuer shall irrevocably change the beneficiary for the Transferred payments to the Transferee, and no other individual or entity other than the Transferee shall have the authority to change beneficiary for the Transferred Payments.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW IT IS HEREBY ORDERED:**

1. That the transfer to 321 Henderson Receivables Origination, LLC, a Nevada Limited Liability Company, of the contract number NS67351FFA to be paid in (a) 1 payment of $75,000.00 on May 11, 2009 by Metropolitan Life Insurance Company for the sum of $52,317.18, is hereby authorized and approved;

2. That the structured settlement Issuer and Obligor, Metropolitan Life Insurance Company is hereby ORDERED AND DIRECTED to forward the assigned payments, within 7 days of the due date, to 321 Henderson Receivables Origination, LLC, at PO Box 7780-4244, Philadelphia, PA 19182-4244 by check made payable to 321 Henderson Receivables Origination, LLC.

Signed: September 15, 2006

*Graham C. Mullen*
Graham C. Mullen
United States District Judge